**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Derek Matthew Wisham, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER GRANTING MOTION** |
| | ) | **TO DISMISS** |
| vs. | ) | |
| | ) | |
| Leann Bertsch, Director of the North | ) | |
| Dakota Department of Corrections and | ) | Case No. 1:17-cv-263 |
| and Rehabilitation; et. al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the court is a Motion to Dismiss filed by respondents on February 8, 2018. Also before the court are motions to amend the petition for habeas corpus relief and for an evidentiary hearing filed by the petitioner, Derek Matthew Wisham ("Wisham") on March 12, 2018. For the reasons set forth below, respondents' motion is granted, Wisham's motions are deemed moot, and the above-entitled action is dismissed with prejudice.

I.      **BACKGROUND**

A.      **Underlying State Conviction**

The chronology of events culminating in Wisham's conviction in state district court was summarized as follows in a brief filed by Wisham with the North Dakota Supreme Court.

[¶2] Petitioner and Appellant Derek Matthew Wisham (Wisham) was charged in Morton County case 30-2014-CR-00718 with the offenses of Gross Sexual Imposition, a class AA Felony and Assault, a Class A Misdemeanor, alleged to have occurred on or about June 8, 2014. On December 18, 2014, Wisham entered a guilty plea to an amended charge of Sexual Imposition, a class B Felony and Assault, a Class A Misdemeanor. A presentence investigation was ordered and a sentencing hearing was scheduled. At his sentencing hearing on April 13, 2015, Wisham orally moved to withdraw his guilty plea and the District Court denied that oral motion, finding that Wisham had not supplied any sufficient reason to withdraw his plea. New counsel was appointed to Wisham and Wisham orally moved to withdraw his

guilty plea at his rescheduled sentencing hearing on May 19, 2015. Upon request of the District Court, Wisham filed a formal written Motion to Withdraw Guilty Plea. For reasons argued in Wisham's written motion, the District Court granted his Motion to Withdraw Guilty Plea on July 23, 2015, finding that there may have been an issue with ineffective assistance of counsel and that there was a concern that Wisham did not make a knowing plea. The State amended the Information to reflect the original charges and the matter was rescheduled for trial.

[¶3] On August 20, 2015, counsel for Wisham moved to withdraw from his representation and the District Court granted that motion on August 26, 2015. New counsel was reassigned and the matter was again set for jury trial. On December 22, 2015, Wisham again entered a guilty plea, to the reduced charge as before. On the Sexual Imposition charge, Wisham was sentenced to a term of 10 years in prison with 6 years suspended. On the Assault charge, Wisham was sentenced to a term of 1 year in prison, concurrent with the Sexual Imposition charge. Wisham was given credit for 17 months and 18 days for the extended time that he spent in custody awaiting disposition of his case.

(Doc. No. 15-24 (Wisham II Appellant's Brief).

## B.     First Application for Postconviction Relief

On August 9, 2016, Wisham filed an application for postconviction relief in state district court, claiming that his victim had perjured herself multiple times, that his conviction was obtained through coercion and in violation of his Fifth Amendment right against self-incrimination, breach of contract, that he was denied an opportunity to conduct his own investigation, that the State's sex offender registration requirement as applied to him is unconstitutional, and that he was denied effective assistance of counsel.  (Doc. No. 15-6).

The  state district court convened a hearing on the application.  (Doc. No. 15-8).  Thereafter, on April 20, 2017, it issued an order denying the application.  (Doc. No. 15-9).  Its decision was affirmed on appeal by the North Dakota Supreme Court.  Wisham v. State, 2017 ND 235, 903 N.W.2d 60 (per curiam).

### C.     Second Application for Postconviction Relief

On March 24, 2017, Wisham filed a second application for postconviction relief in state district court. (Doc. No. 15-11). In addition to again challenging the constitutionality of State's sex offender registration requirement as applied to him, he complained that the State had miscalculated his good time. (Id.). On April 21, 2017, the state district court summarily denied the application without a hearing on motion by the State. (Doc. No. 15-13). Its decision was affirmed on appeal. Wisham v. State, 2017 ND 236, 903 N.W.2d 60.

### D.     Third Application for Post Conviction Relief

On June 26, 2017, Wisham filed a third application for post conviction in state district court, this time claiming that he had been denied parole in breach of his "plea deal" and further requesting that a change in State law regarding good time that post-dated his conviction be retroactively applied. (Doc. No. 15-15). The state district court denied the application on October 27, 2017, opining that the decision to grant or deny parole was not a valid ground for postconviction relief and it had already addressed the issue of good time when disposing of his previous application. (Doc. No. 15-17). Wisham did not appeal.

### E.     Petition for Writ of Habeas Corpus pursuant to § 2254

On December 12, 2017, Wisham initiated the above-entitled action *pro se* by filing a petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254. He asserts the following grounds for relief:

Ground One:     Perjury or lying or making false statements under oath by the accuser. Manufacturing of evidence.

Ground Two:     Conviction obtained by the use of coercion/denial of effective assistance of counsel.

Ground Three: Conviction obtained by a violation of my privilege against self-incrimination.

Ground Four: Breach of contract because case was not re-opened. Or violation of plea deal.

Ground Five: Denial of right to find witnesses in my favor.

Ground Six: Registration is unconstitutional.

Ground Seven: Denial of effective assistance of counsel.

Ground Eight: Failure to credit me for goodtime for all of my sentence imposed as the law reads.

Ground Nine: Breach of contact or violation of plea deal.

Ground Ten: Taking my 2nd Amendment right away is a violation of my plea deal (Alford) and unconstitutional.

(Doc. No. 1).

On February 8, 2018, respondents filed a response to Wisham's habeas petition. They also filed a motion to dismiss.

On March 12, 2018, Wisham filed a motion to amend his petition to clarify that he seeks the following:

The dismissal with prejudice of all of the following: all of my sentence, all of my collateral consequences, all of my probation, and all of my registration is found to be unconstitutional. And that Constitutional rights be found to be unable to be given away or forfeited in plea bargains because of coercion or unable to be taken away at all because a right is something that cannot be taken away or it would just be privilege. And any other relief to which I me be entitled to.

(Doc. No. 18). He also filed a request for an evidentiary hearing along with his response to the respondents' motion. (Doc. Nos. 19 and 20).

## II.  GOVERNING LAW

### A.    Scope of Review

Under 28 U.S.C. § 2254, a federal court may review state-court criminal proceedings to determine whether a person is being held in custody in violation of the United States Constitution or other federal law.  However, where the state court has adjudicated the federal claim on the merits, this court's review is limited by 28 U.S.C. § 2254(d) to a determination of whether the state court's decision is (1) directly contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts based on the evidence presented in the state-court proceeding.  See 28 U.S.C. § 2254(d); see generally Harrington v. Richter, 562 U.S. 86, 97–100 (2011) ("Richter"); Williams v. Taylor, 529 U.S. 362, 399–413 (2000).  This highly deferential standard of review is often referred to as "AEDPA deference" because it was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  E.g., Pederson v. Fabian, 491 F.3d 816, 824–25 (8th Cir. 2007); see generally Renico v. Lett, 559 U.S. 766, 773 n.1 (2010).  The reasons for the limited review are ones of federalism and comity that arise as a consequence of the state courts having primary responsibility for ensuring compliance with federal law in state criminal proceedings.  See, e.g., Richter, 562 U.S. at 103.

### B.    Exhaustion Requirements

The exhaustion doctrine codified at 28 U.S.C. § 2254(b)–(c) precludes granting habeas relief for claims that have not been properly exhausted in the state courts.  E.g., Rhines v. Weber, 544 U.S. 269, 274 (2005); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001).  Proper exhaustion has two components.  First, the claim must be "fairly presented," which requires that the petitioner present

both the factual and legal premises for the claim, with the latter being satisfied if there is a reference to the particular federal constitutional right or a citation to a state or federal case that raises the constitutional issue. Dansby v. Norris, 682 F.3d 711, 722–23 (8th Cir. 2012), vacated on other grounds, Dansby v. Hobbs, No. 12-8582, 2013 WL 506561 (U.S. June 3, 2013); Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007). Second, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addition, there are three other aspects of the exhaustion doctrine that are important. The first is that the exhaustion doctrine is satisfied if there are no state-court remedies available and exhaustion would be futile, such as when the claim has been procedurally defaulted at the state-court level. E.g., Armstrong v. Iowa, 418 F.3d 924, 926–27 (8th Cir. 2005). The second is that Rose v. Lundy, 455 U.S. 509 (1982), prohibits a petitioner from proceeding with a "mixed petition" of exhausted and unexhausted claims. See also Rhines v. Weber, 544 U.S. at 273–74. The third is that § 2254(b)(2) authorizes the court to deny a claim on the merits notwithstanding a failure to exhaust. E.g., Gringas v. Weber, 543 F.3d 1001, 1003 (8th Cir. 2008)

## C.    Procedural Default

A federal district court is precluded from substantively considering a habeas claim that has been procedurally defaulted at the state level on independent and adequate state grounds. E.g., Coleman v. Thompson, 501 U.S. 722, 729–30 (1991). State procedural grounds are independent and adequate if they are firmly established, readily ascertainable, and regularly followed. Barnett v. Roper, 541 F.3d 804, 808 (8th Cir. 2008); Franklin v. Luebbers, 494 F.3d 744, 750 (8th Cir. 2007). They must also further a legitimate state interest and not be applied in an exorbitant manner.

<u>Barnett</u>, 541 F.3d at 808. The rule barring procedurally-defaulted claims is nearly absolute. <u>Cagle v. Norris</u>, 474 F.3d 1090, 1099 (8th Cir. 2007). The only exceptions are the rare instances when a prisoner is able to meet the strict cause and prejudice or actual innocence standards. <u>E.g.</u>, <u>Dretke v. Haley</u>, 541 U.S. 386, 392–93 (2004); <u>Arnold v. Dormire</u>, 675 F.3d 1082, 1087 (8th Cir. 2012).

**D.      State Defenses of Res Judicata, Misuse of Process, and Statute of Limitations**

Under N.D.C.C. § 29-32.1-12, res judicata and misuse of process are affirmative defenses in state proceedings for postconviction relief. Res judicata is defined in subsection (1) to be a claim that was fully and finally determined in a prior proceeding. Misuse of process is defined in subsection (2)(a) to include any "claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to a judgment of conviction and sentence or in a previous postconviction proceeding[.]" As an additional defense, N.D.C.C. § 29-32.1-01(2) requires applicants for postconviction relief to file their application within two years of the date of their conviction becoming final, unless a specific exception applies. These procedural defenses are regularly enforced by North Dakota courts. <u>E.g.</u>, <u>Eagleman v. State</u>, 2016 ND 54, 877 N.W.2d 1; <u>Tweed v. State</u>, 2011 ND 228, ¶ 12, 807 N.W.2d 599; <u>Steen v. State</u>, 2007 ND 123, ¶¶ 13–17, 736 N.W.2d 457; <u>Laib v. State</u>, 2005 ND 187, ¶¶ 6–7, 705 N.W.2d 845.

**III.    <u>DISCUSSION</u>**

**A.      Perjury/False Statements (Ground One)**

Wisham first claims that his victim made inconsistent and/or false statements under oath. Specifically, he asserts that his victim made a statement during a deposition about bruising to her

wrists that is belied by objective medical evidence[1] and fabricated a story about a supposed exchange of text messages between the two of them. He also cites what he consider to be an inconsistency between a statement she had made under oath and a presumably earlier statement she had given to law enforcement in regards to the time at which she left a residence.

The state district court summarily rejected the claim of perjury/false statements when denying Wisham's first application for conviction relief, opining:

> Wisham testified that his accuser had committed perjury. He claimed she made inconsistent or factually incorrect statements in her deposition. He claimed that this was new evidence which entitled him to post conviction relief . . . .
>
> * * *
>
> The State pointed out that any statements made by Wisham's accuser in her deposition were made before he entered his guilty plea and therefore did not constitute new evidence. The State also established that the court had advised Wisham of his rights prior to taking his plea and that his due process rights were not violated. The court noted that Wisham's change of plea hearing was twice rescheduled, that Wisham was represented by three different court appointed attorneys in the case prior to the post conviction proceedings, and that he was advised of his rights prior to entering his guilty pleas.
>
> * * *
>
> Wisham has presented no evidence in support of his application for post–conviction relief and has not provided any factual basis to support of any of alleged bases for post conviction relief. Accordingly, except for the denial of effective assistance of counsel allegation which will be discussed below, all of the other allegations in Wisham's petition are summarily dismissed.

(Doc. No. (Order Denying [First] Application for Post Conviction Relief)).

The state court's factual determinations are presumptively correct. See 28 U.S.C. § 2254(e)(1); see also Buchheit v. Norris, 459 F.3d 849, 852 (8th Cir. 2006); Perry v. Kemna, 356

---

[1] At defendant's change of plea hearing, when reviewing with the court the factual basis for the defendant's guilty pleas, the prosecution made particular note of the extensive bruises and scratches sustained by the victim at defendant's hand. (Doc. No. 15-3, pp. 10–11).

F.3d 880, 883 (8th Cir. 2004). Wisham has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Wisham has failed to meet this burden. The record evinces that Wisham was well aware of all of the statements made by the victim well before entering his plea. Any suggestion that these statements constitute new evidence is specious. And any suggestion that the victim's statements materially contributed to his conviction is likewise specious. The victim's statements were never entered into evidence against him and, as the transcript of his plea and sentencing hearing evinces, he knowingly and intelligently elected to forego trial and enter a plea. (Doc. No. 15-3).

**B.      Ineffective Assistance of Counsel (Grounds Two, Five, and Seven)**

    **1.      Governing Law**

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant who claims ineffectiveness of counsel must demonstrate not only that his attorney's performance was deficient, but also that the deficiency prejudiced the defendant. In regard to this analysis the Court explained in Strickland that:

> [T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in [any particular] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Id. at 697.

The test for deficient performance under the "first Strickland prong" is whether counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688; Rompilla v. Beard, 545 U.S. 374, 380 (2005). When the issue involves a matter of trial

strategy, there is a strong presumption that the strategy was sound and was not ineffective assistance. See Bell v. Cone, 535 U.S. 685, 698–702 (2002).

Under the "second Strickland prong," prejudice is only shown when there is a "*reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" E.g., Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (per curiam) (quoting Strickland, 466 U.S. at 694 and adding emphasis). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 23 (quoting Strickland, 466 U.S. at 694).

When a state court has addressed a petitioner's ineffective-assistance claims on the merits and applied the Strickland test, a federal court must accord the state court's determination the deference required by 28 U.S.C. § 2254(d). Rompilla, 545 U.S. at 380. Assuming there are no issues with respect to the state court's findings of fact, the federal court's review is limited to the determination of whether the habeas petitioner has met the burden of proving that "the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford, 537 U.S. at 25; see also Rompilla, 545 U.S. at 380. The Supreme Court has characterized the application of the Strickland standard through the prism of AEDPA as amounting to a "doubly deferential" standard of review. E.g., Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

## 2. Discussion

In his second ground for relief, Wisham asserts that this "conviction [was] obtained by the use of coercion/denial of effective assistance of counsel." (Doc. No. 1). He then goes on state:

> I was told by my attorneys I would get much much longer sentence if I was convicted. Which was a lie for one and I was overcharged for two. I do not meet the requirements for the word willfully and I could have been found guilty and only gotten 5 year sentence which is only one year more than I was given. I was lied to about what an Alford plea is.

(Doc. No. 1).  In his fifth ground for relief, Whish asserts "[d]enial of right to find witnesses in my favor".  (Doc. No. 1).  He then goes on to state:

> I was told we would get a privite investigator and get a proper investigation done. No investigation was ever done.  I asked for a copy of the investigation report many of time from each of my attorneys with not one given to me.  I had my people I had a right to have talked that I wanted talked to. No one was talked to.  There is no evidence of any investigation ever being done.

(Doc. No. 1) (errors in original). In his seventh ground for relief, Wisham takes counsel to task for a perceived lack of candor, asserting: "I was lied to about the importance of character witnesses. What an Alford plea is.  They see it as the same as nolo contendre (no contest) when it is not." (Doc. No. 1).   As these grounds are intertwined and therefore difficult to parse, they shall be addressed collectively.

Following an evidentiary hearing at which Wisham testified , the state district court rejected Wisham's claims for ineffective assistance of counsel, opining:

> [¶6]   Wisham argues that he received ineffective assistance when his attorney did not hire a private investigator to find character witnesses to testify on Wisham's behalf.  He also contends that his attorney did not adequately explain the consequences of entering a guilty plea, although [he] admitted that he was advised of his right by the court.

> [¶7]   The standard of ineffective assistance of counsel is well-established.  A defendant claiming ineffective assistance of counsel must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance.

> [¶8]   The effectiveness of counsel is measured by an objective standard of reasonableness considering prevailing professional norms. The defendant must first overcome the strong presumption that counsel's conduct falls with the wide range of reasonable professional assistance.

> [¶9]   When a defendant raises an ineffective assistance of counsel argument, it is the defendant's burden to provide that counsel's assistance was ineffective. Establishing the first element requires the defendant to show that counsel's conduct was outside the wide range of reasonable professional assistance.  Establishing the

second element requires petitioner to prove that but for counsel's deficient performance the result would have been different.

[¶10]    The defendant must provide not only that counsel's assistance was ineffective, but must specify how and where trial counsel was incompetent and probable different results. Unless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of trial.

[¶ 11]  In the present case, Wisham has not satisfied the Strickland test. Wisham did not present any evidence to establish an objective standard of reasonableness to show that his attorney's assistance fell below such a standard. He has failed to overcome the presumption that this counsel's conduct fell within the wide range of reasonable professional assistance. Furthermore, Wisham has not established that he was prejudiced by his attorney's performance in this case. His attorney got the most serious charge reduced from an AA Felony. He did not testify that any of the advice provided to him by his attorney was incorrect or improper.

(Doc. No. 15-9).

As the district court noted, Wisham twice changed his plea. He changed his plea, was thereafter permitted to withdraw his plea, and then opted to change his plea again. Before accepting his change of plea a second time, the trial court (as it had presumably done at his first change of plea hearing) explained to him in no uncertain terms what he was giving up. Thus, any suggestion that Wisham went into his second change of plea hearing blindly and did not fully comprehend the consequences of changing his plea strains credulity. Further, it is clear why he twice entered a guilty plea. His trial counsel was able to get his most serious charge, a class AA felony for which state law prescribes a maximum penalty of life imprisonment without parole, reduced to a B felony, an offense carrying a maximum term of imprisonment of ten years under state law.

Finally, during his proceedings in state court and in the materials filed in the instant case, Wisham has failed to identify any specific witnesses, character or otherwise, much less offer any

clues as to how they may have testified. Absent any such showing, <u>Strickland</u>'s deferential standard and AEDPA's doubly deferential standard require a finding that counsel's performance was not deficient and that Wisham suffered no demonstrable prejudice.

Having reviewed the record, this court concludes that the state court's rejection of Wisham's ineffective assistance of counsel claim neither runs contrary to nor is an unreasonable application of clearly established federal law and was based upon a reasonable determination of the facts.

## C. Self Incrimination (Ground Three)

Wisham next challenges the validity of his conviction on Fifth Amendment grounds, asserting:

> My Miranda rights were not read to me when I was interrogated by police detective even after I asked him if I needed an attorney. When collecting evidence in an interrogation to use in a trial against me it is required that the police read me my rights. He fraudulently promised me that I did not need an attorney.

(Doc. No. 1).

In his motion to dismiss, respondents takes the position that this claim has been procedurally defaulted and therefore barred. In so doing, they acknowledge that Wisham asserted this claim in his first application for postconviction relief. They nevertheless insist that Wisham effectively abandoned this claim during the subsequent evidentiary hearing convened by the state district court and, as a consequence, did not fully exhaust his state court remedies. They further aver that Wisham cannot now return to state court and litigate this claim as it would be barred for misuse of process under N.D.C.C § 29-32.1-12(1). In the alternative, respondents argue that, the issues of exhaustion and procedural default aside, this claim fails by virtue of the fact that Wisham's statements were never used against him.

The court agrees that Wisham effectively abandoned this claim. First, he made no mention

13

of his interrogation at the evidentiary hearing. Second, the state district court did not address it when denying his first application for postconviction relief. Third, after appealing the state district court's decision, Wisham made no mention of the interrogation in his brief to the North Dakota Supreme Court. (Doc. No. 15-19). Rather, he focused solely on his claims of ineffective assistance of counsel and breach of contract. Thus, it is apparent that he has not completed one full round of appellate review at the state court level with respect to this claim prior to filing the instant petition. This failure to properly exhaust the claim prevents him from proceeding forward with it now before this court under the authority cited earlier. Further, he is prohibited under the authority cited earlier from returning to state court to exhaust the claim. Consequently, this claim is subject to dismissal on the twin grounds of failure to exhaust and procedural default.

Further, even assuming that Wisham had properly exhausted his state court remedies, his claim is fatally flawed insofar as he never took his case to trial. "Statements compelled by police interrogations of course may not be used against a defendant at trial . . . but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs." Chavez v. Martinez, 538 U.S. 760, 767 (2003); see also United States v. Verdugo–Urquidez, 494 U.S. 259, 264 (1990) "Although conduct by law enforcement officials prior to trial may ultimately impair [the right against self incrimination], a constitutional violation occurs only at trial." Because there was no trial at which Wisham's statements were admitted as testimony against him, he was never made to be a "witness" against himself in violation of his Fifth Amendment rights. Chavez v. Martinez, 538 U.S. 760, 767. Thus, Wisham's Fifth Amendment claim would also fail on the merits.

### D.    Breach of Contract (Grounds Four and Nine)

#### 1.    Violation of Verbal Agreement (Ground Four)

An alleged breach of contract/violation of the plea deal forms the basis of Wisham's fourth ground for relief. According to Wisham, the parties "had a verbal Alfred plea agreement where I was told I can re-open my case at any time." (Doc. No. 1). Respondents are dismissive of this assertion, averring that there is nothing in the record to substantiate the existence of any such verbal agreement between Wisham and the prosecution.

The court agrees. There is noting in the record of the sentencing to indicated there was any such agreement. Further, Wisham did not advise the trial court of any verbal agreement between himself and the prosecution when entering his plea. If anything, he denied the existence of any such side agreement when he assured the court he had not been promised anything in return for his plea other than the reduction the charge of gross sexual imposition to sexual imposition. (Doc. No. 15-3).

#### 2.    Denial of Parole (Ground Nine)

As the basis for his ninth ground for relief, Wisham appears to be asserting that he was denied parole in breach of his plea deal.

> We had a Alford plea deal with the option of parole if I followed the rules which I did They had no valid reason for denying me parole. Also ND Constitution makes parole a right. See ND Constitution, Article 1, #21 This would be a double jeopardy violation as well because the parole board is given the power to over rule my sentence already applied by the court. They can give more punishment.

(Doc. No. 1). Respondents aver that Wisham did not properly exhaust his state court remedies with respect to this claim, is barred from doing so now, and thus has procedurally defaulted on this claim.

The record reflects that Wisham first raised the issue of his parole in his third-application for postconviction relief. When the state district court denied this application, Wisham did not file

an appeal and thus did not one complete round of the State's established appellate review process prior to filing the instant petition. Respondents are therefore correct when stating that he failed to exhaust his state court remedies with respect to ground nine and that the claim must be dismissed on the twin grounds of failure to exhaust and procedural default at the state court level.

In addition, Wisham's claim would fail on the merits. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Thus, the assertion by Wisham that he was denied parole in violation of his state constitutional rights is not cognizable on federal habeas review. See id.; see also Swarthout v. Cooke, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution.").

Insofar as Wisham's assertions in ground nine could arguably be construed as a federal due process claim, it is facially deficient. The United States Supreme Court's decision in Swarthout v. Cooke is dispositive. There, the Court held that, in the context of a challenge to a parole board's actions on due process grounds, federal habeas review of a parole denial is limited to the narrow question of whether a prisoner has received certain "fair procedures." See Cook, 562 U.S. at 220 ("When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received

16

adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. Id., at 16, 99 S.Ct. 2100. "The Constitution," we held, "does not require more." Ibid. Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. 606 F.3d, at 1208–1212; App. to Pet. for Cert. 69a–80a; Cal.Penal Code Ann. §§ 3041, 3041.5 (West Supp.2010). That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cooke and Clay received due process.")

Here, Wisham takes issue with the result, not the process. He insists there was no valid reason to deny him parole. However, he does not allege (and there is nothing in his submissions to even remotely suggest) that he was refused an opportunity to be heard or otherwise denied an explanation for the decision to deny him parole. Thus, he cannot sustain a federal due process claim.

### E. Constitutionality of Sex Offender Registration (Ground Six)

Wisham is obligated by North Dakota law to register as a sex offender by virtue of his conviction for gross sexual imposition. He takes issue with this requirement on constitutional grounds, asserting:

> It violates my 4th amendment right to privacy, my 8th amendment right to be free from cruel and unusual punishment, 14th amendment right to equal protection and my ND Constitutional right in the Declaration of Rights #21 to be free form any citizens or class of citizens getting special privileges or immunities. Regulatory law can not over rule Constitutional laws.

(Doc. No. 1).

Respondents contend that sex offender registration is a collateral consequence of Wisham's criminal conviction and that a challenge to its constitutionality is not cognizable in the present

context. In so doing, it relies upon the Seventh Circuit's reasoning in <u>Virsnieks v. Smith</u>, 521 F.3d 707, 718 (7th Cir. 2008).

In <u>Virsnieks</u>, the petitioner filed a habeas petition well after the expiration of his sentence to challenge the constitutionality of a state law requiring him to register as a sex offender. The district court dismissed the petition for lack of jurisdiction, reasoning that Wisconsin's sex offender registration requirement was remedial rather than punitive and did not render the petitioner "in custody" for the purposes § 2254. Its decision was affirmed on appeal.

Wisham's circumstances are distinguishable from those of the petitioner in <u>Viersneiks</u>. Unlike the petitioner in <u>Viersneiks</u>, Wisham's sentence has yet to expire. Nevertheless, as the Arizona district court's holding in <u>Olmos v. Ryan</u>, No. CV-11-00344, 2014 WL 922867 (D. Ariz. March 10, 2014) makes clear, this distinction ultimately makes no difference.

In <u>Olmos</u>, a convicted sex offender filed a habeas petition claiming, amongst other things, that registration requirements of the Sex Offender Registration and Notification Act ("SORNA") violated his First Amendment rights. The court dismissed claim for lack of jurisdiction on the recommendation of the magistrate judge, whose report to the court stated the following in relevant part:

> The Supreme Court has construed § 2254(a)'s "in custody" requirement and concluded that "its purpose is to permit petitions only when the remedy sought is capable of alleviating severe restraints on individual liberty." <u>Bailey</u>, 599 F.3d at 980 (citing <u>Hensley v. Municipal Court</u>, 411 U.S. 345, 351 (1973)). Habeas corpus is an "extraordinary remedy." <u>Hensley</u>, 411 U.S. at 351. Its use "has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." <u>Id.</u> Habeas corpus claims that do not "call into question the lawfulness of the conviction or confinement," or challenge the fact or duration of the petitioner's custody, or "seek immediate or speedier release," are not cognizable under § 2254. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 481–83 (1994); <u>see also</u> <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir.1991) ("habeas proceedings are the proper mechanism for a prisoner to challenge the

"legality or duration" of confinement) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).

The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (finding that petitioner's challenge to the constitutionality of a disciplinary proceeding was properly brought under § 1983 when it did not affect the length of his sentence). A civil rights action pursuant to 42 U.S.C. § 1983 is the proper vehicle for a state prisoner to challenge the conditions of his confinement. See McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991) (internal citations omitted) (stating that § 1983 action is the proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody); see also 42 U.S.C. § 1983 (stating that "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....").

Here, Petitioner's First Amendment challenge to SORNA's online registration requirement lacks any nexus to his custody, as required by the text of § 2254(a). Although Petitioner's convictions and custodial sentence have restrained his liberty, the requirement that Petitioner comply with SORNA's online registration requirement does not directly implicate his liberty. See Bailey, 599 F.3d at 981 (concluding that restitution order lacked a nexus to petitioner's custody); see also Leslie v. Randle, 296 F.3d 518, 523 (6th Cir.2002) (holding that, despite the fact that the petitioner was incarcerated at the time of his petition, his challenge to the constitutionality of Ohio's sexual predator statute's registration requirement was not cognizable on habeas corpus review).

Petitioner challenges a condition of his probation based on a federal statute, arguing that it violates his First Amendment right to free speech. Even if Petitioner succeeded on his constitutional challenge to SORNA's online registration requirement, it would not invalidate his convictions or shorten his prison sentence. See Umbarger v. Michigan, 2013 WL 444024, at *6 (W.D.Mich. Feb. 5, 2013) ("SORNA is more analogous to a collateral consequence of conviction than a severe restraint on liberty like parole"); see also Bailey, 599 F.3d at 981 (challenge to restitution order was not cognizable on § 2254 review because, even if successful, petitioner would still have to serve his custodial sentence in the same manner).

Thus, Petitioner's First Amendment challenge to SORNA's online registration requirement asserted in Claim Thirteen is not properly brought in a § 2254 petition and it should be dismissed for lack of jurisdiction. See Virsnieks, 521 F.3d at 722 (holding that petitioner's constitutional challenge brought under § 2254

to the non-custodial component of his sentence, that the petitioner register as a sex offender, did not create a cognizable claim). Petitioner can pursue this claim in a § 1983 action. See Kruger v Erickson, 77 F.3d 1071, 1073 (8th Cir.1996) (finding that challenge to retroactive application of state law requiring DNA sample from certain inmates convicted of sex offenses was not properly brought in a habeas corpus proceeding under § 2254 and that such claim was properly brought as a § 1983 action); Holloway v. Giles, 2013 WL 2067471, at *2 n. 3 (M.D.Ala. Apr. 22, 2013) (noting that petitioner should bring challenge to the constitutionality of the sex offender registration requirements in a § 1983 action).

Id. at **6–7.

Although not binding on this court, the rationale ultimately adopted by the district court in Olmos (which was based in part on the Seventh Circuit's analysis in Viersneiks), is instructive. In the context of ground eight, Wisham is neither directly challenging the legality of his convictions for gross sexual imposition and assault nor the duration of his sentence. Rather, he is challenging the collateral, non-custodial consequence of his conviction. Such a challenge in isolation, even if successful, would have no appreciable impact on his conviction or sentence. Thus, this challenge "lacks the necessary nexus to his custody required to confer jurisdiction under § 2254(a)" and is subject to dismissal. Id. at *2. See also Calhoun v. Attorney General of Colorado, 745 F.3d 1070, 1074 (10th Cir. 2014) ("Therefore, we join the circuits uniformly holding that the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be "in custody" at the time he files a habeas petition."); Wilson v. Flaherty, 689 F.3d 332, 337 (4th Cir. 2012) (same).

###     F.     Good Time Credits (Ground Eight)

Wisham next takes issue with the calculation and accreditation of good time. Specifically he asserts:

Failure to credit me for goodtime for all of my sentence imposed as the law reads.

20

* * *

> I get 5 day of goodtime per month for each month of sentence imposed. So for 4 year sentence that is 240 days not the 150 they gave me.
> The ND Constitution, Article 1 Declaration of Rights #21 clearly over rules the goodtime law should they want to read it wrong.

(Doc. No. 1) (errors in original).

In their motion to dismiss, respondents contend that this claim is not cognizable insofar as it has been teed up as a federal constitutional violation and in so doing stress that Wisham did not avail himself of the administrative procedures while incarcerated.

In his brief in response to the motion to dismiss, Wisham does not dispute respondent's assertion that the claim regarding good time is not cognizable. In fact, his brief is conspicuously silent with respect to the issue of good time. This silence could arguably be construed as a waiver of this claim.

In any event, to the extent that Wisham is asserting that state law regarding good time has been misapplied, such a claim is not cognizable in habeas. Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ) (" '[F]ederal habeas corpus relief does not lie for errors of state law.'").

### G.    Second Amendment Rights (Ground Ten)

Finally, Wisham takes issue with the fact that his status as a convicted felon precludes him from possessing a firearm for the foreseeable future. In so doing, he ostensibly takes the position an individual's rights under the Second Amendment are absolute. Specifically, he avers:

> Taking my 2nd Amendment Right away is a violation of my plea deal (Alford) and unconstitutional. Taking away any of my right is a violation of my plea. I did not give up my right to bear arms on a federal or state level. Or any of my rights for that matter. I did not give up my right to protect myself. Also I can not legally give up any of my rights in any plea deal because that would be coercion because I was promised things for me to do so. Rights can't be taken away or they were never

21

rights then.

(Doc. No. 1).

First, the Second Amendment rights are not absolute. See District of Columbia v. Heller, 554 U.S. 570, 626–27 (2008) ("Like most rights, the right secured by the Second Amendment is not unlimited . . . . Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."). Second, the firearm restriction to which Wisham is presently subject has no bearing upon the constitutionality of his underlying conviction and sentence. As this restriction has no nexus to his custody, it does not constitute the basis for a cognizable claim in the context of habeas corpus.

## IV.   CONCLUSION

Respondents' motion to dismiss (Doc. No. 16) is **GRANTED**. Wisham's motions to amend and motion for an evidentiary hearing (Doc. Nos. 18 and 19) are deemed **MOOT**. Wisham's motion for a writ of habeas corpus (Doc. No. 1) action is **DISMISSED** with prejudice.

## V.   CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v.

McDaniel, 529 U.S. 473, 484 (2000)); see also, United States v. Lambros, 404 F.3d 1034, 1036–37 (8th Circ. 2005); Garrett v. United States, 211 F.3d 1075, 1076–77 (8th Cir. 2000).  When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find the dismissal of Wisham's petition to be debatable.  Consequently, the court will not issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court